IRA M. STEINBERG (SBN 273997)
ISteinberg@ggfirm.com
DANIEL PARINO (SBN 323426)
jswearingen@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Petitioner Newport Sports
Management, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWPORT SPORTS MANAGMENT, INC., a Canadian corporation,<br><br>               Petitioner,<br><br>v.<br><br>EVANDER KANE,<br><br>               Respondent | Case No.   5:20-cv-7815<br><br>**PETITION TO CONFIRM FOREIGN ARBITRATION AWARD AND FOR JUDGMENT PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE CONVENTION ON RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS [9 U.S.C. §§ 9, 201 *et. seq.*]** |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## I.   INTRODUCTION AND OVERVIEW

1.   Pursuant to Chapter 2 of the Federal Arbitration Act (the "FAA") and the 1958 Convention of the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 ("the New York Convention"), Petitioner Newport Sports Management, Inc., a Canadian Corporation ("Petitioner") petitions this Court for entry of a judgment:

a.   Confirming, recognizing and enforcing the National Hockey League Players' Association Voluntary Arbitration Tribunal's award of $528,730.16 US dollars (the "Award") rendered in the arbitration between Petitioner and Respondent, Evander Kane ("Kane");

b.   Entering judgment in Petitioner's favor against Kane in the amount of the Award with interest; and

c.   Granting Petitioner any further relief in its favor as the Court deems just and proper.

2.   On November 27, 2017, Petitioner, a sports management company, and Kane, an NHL hockey player currently playing for the San Jose Sharks, entered into a Standard Player-Agent Contract (the "Agreement").  The Agreement provides that in exchange for representing him, Kane would pay Petitioner 3% of all compensation received from his National Hockey League Standard Players Contract and 20% for any compensation received through endorsements.  A true and correct copy of the Agreement is attached hereto as Exhibit "A."

3.   The Agreement provides for arbitration of any disputes arising thereunder pursuant to the National Hockey League Players' Association Regulations Governing Agent Certification (the "NHLPA Regulations").  A true and correct copy of the NHLPA Regulations are attached hereto as Exhibit "B".

4.   A dispute arose when Kane failed to pay Petitioner pursuant to the Agreement after Petitioner successfully negotiated a seven season contract on behalf of Kane with the San Jose Sharks Hockey Club.

5.      The resulting dispute was arbitrated in Toronto, Canada and the Award was entered in favor of Petitioner on October 23rd, 2020.  A true and correct copy of the Award is attached hereto as Exhibit "C".

6.      The Award is final and enforceable under the New York Convention.

7.      The United States is a party to the New York Convention and implemented it pursuant to Chapter 2 of Title 9 of the U.S. Code.  *See* 9 U.S.C. §§ 201 *et seq*.

8.      In accordance with the express mandate of Congress and the obligations assumed by the United States under the New York Convention, this Court must enforce the Award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207.

9.      No ground barring enforcement exists here.

10.     Accordingly, Petitioner is entitled to confirmation of the Award and entry of judgement in its favor.

## II.     JURISDICTION AND VENUE

11.     This Court has jurisdiction under 9 U.S.C. § 203, which provides that "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States…shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."  The Court also has diversity jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of a foreign state and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12.     Venue is proper under 9 U.S.C. § 204 which provides, "An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

PETITION TO CONFIRM AWARD

parties could be brought…."  Venue is proper under 28 U.S.C. § 1397(b) because this is the district where a substantial part of the events giving rise to this claim occurred and Kane is subject to the court's personal jurisdiction.

13.    The Court has personal jurisdiction over Kane, as he lives and works over half the year within the Court's district, and has the "minimum contacts" with California necessary for the exercise of personal jurisdiction without offending traditional notions of fair play and substantial justice.  *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 315 (1945).

## III.    THE PARTIES

14.    Petitioner is a Canadian corporation established under the laws of the province of Ontario, Canada.  Its principal place of business is in Mississauga, Ontario.

15.    Respondent Kane is a natural person who resides in Canada and the United States, and whose principal place of employment is San Jose, California.

## IV.    PETITION TO CONFIRM ARBITRATION AWARD AND FOR JUDGMENT

16.    On November 27, 2017, Petitioner and Kane entered into the Agreement, in which Petitioner would represent Kane in exchange for a percentage of Kane's earnings as a professional hockey player.

17.    Article 6 of the Agreement provides that "any and all disputes involving the…enforcement" of the Agreement "shall be resolved exclusively through binding arbitration as established and set forth in the [NHLPA] Regulations."  Article 6 further provides that "the arbitrator's award shall constitute a final and binding resolution of the dispute and no party shall have the right to appeal or seek judicial review on any ground."

18.    Kane failed to pay Petitioner pursuant to the Agreement for both his 2018/2019 and 2019/2020 NHL seasons.

19.    Petitioner initiated Arbitration pursuant to the Agreement and NHLPA

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

PETITION TO CONFIRM AWARD

Regulations.[1]  Kane was served with Petitioner's Grievance on Thursday, April 16, 2020, a true and correct copy of which is attached hereto as Exhibit "D".

20.     In an attempt at resolution, Petitioner entered into a settlement agreement (the "Settlement") with Kane on August 13, 2020.  A true and correct copy of the Settlement is attached hereto as Exhibit "E".  The Settlement provides that Kane shall pay a portion of what he owes Petitioner by October 15, 2020 and established a payment plan through 2024 for the remainder.

21.     The Settlement further provides that in the event that Kane does not fulfill his obligations as laid out in the Settlement, "Kane agrees for the stay [of the arbitration] to be lifted and for a Consent Order to be granted by the Arbitrator for the amounts outstanding at that time…".

22.     Kane failed to make his agreed upon October 15 payment.

23.     Therefore, per the Settlement signed by Kane and Petitioner, on October 23, 2020, the NHL arbitration tribunal issued the Award, ordering Kane to pay to Petitioner $528,730.16 US dollars.

24.     The Award is final, binding and subject to enforcement.  Section 5E of the NHLPA Regulations provides that the Award "shall constitute full, final, and complete resolution of the grievance and will be binding upon the parties involved and there shall be no right for any party to appeal or seek judicial review therefrom."

25.     The Award is a result of an arbitration between Petitioner and Kane covered by the New York Convention.  Petitioner and Kane are a legal entity and citizen, respectively, of Canada, a party to the Convention.

26.     The United States implemented the New York Convention pursuant to 9 U.S.C. § 201, *et seq.*

---

[1] No official appointment of an arbitrator exists as per NHLPA Regulations, a panel of three arbitrators appointed by the NHL Players Association arbitrates all disputes arising thereunder.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

27.     9 U.S.C. § 207 provides: "Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration.  The court ***shall*** confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." (emphasis added).

28.     "The New York Convention applies to any arbitral award arising out of a legal relationship that is both commercial and non-domestic." *Mitchell v. Tillett*, WL 6436820, at \*1 (N.D. Cal. Oct. 28, 2016), *aff'd,* 715 F. App'x 741 (9th Cir. 2018).  Non-domestic employment contracts for athletes participating in sporting events are agreements which are commercial in nature and fall under the New York Convention.  *Id.*  Likewise, collective bargaining agreements, such as the NHL Players Agreement giving rise to the arbitration, also are governed by the New York Convention. *See Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1155 (9th Cir. 2008) (Collectively Bargained employment contracts "'aris[e] out of legal relationship[s] ... which [are] considered as commercial,' and therefore those contracts 'fall[ ] under the [C]onvention.'" [citing 9 U.S.C. § 202]).

29.     "A court ***must*** confirm a foreign arbitral award unless the party resisting enforcement meets its 'substantial' burden of proving one of seven narrowly interpreted defenses.  ***The judicial role in this process is circumscribed: Confirmation under the Convention is a summary proceeding in nature***, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Castro v. Tri Marine Fish Co. LLC*, 921 F.3d 766, 773 (9th Cir. 2019) (internal citations omitted) (emphasis added).

30.     None of the New York Convention defenses apply.

31.     Therefore, pursuant to 9 U.S.C. § 207, Petitioner is entitled to immediate confirmation, recognition and enforcement of the Award under the New

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

York Convention, and respectfully requests that the Court enter judgement against Kane in the amount of the Award with interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays for the following relief:

1.  An order confirming the Award;

2.  Entry of judgement in accordance with the Award;

3.  Such other relief in Petitioner's favor as the Court may deem just and proper.


DATED:  November 4, 2020          GREENBERG GLUSKER FIELDS
                                  CLAMAN & MACHTINGER LLP


By: _____

IRA M. STEINBERG (SBN 273997)
DANIEL PARINO (SBN 323426)

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067